## The President &c. of the Bangor Bank, *vs.* Treat & al.

Where the promissee in a joint and several note signed by three, sued one of the makers alone, and had judgment; this was an election to treat it as a several contract respecting them all. And having afterwards sued the other two jointly, setting forth the previous recovery against one alone, the judgment was for this cause arrested.

This case was briefly spoken to by *W. D. Williamson* for the plaintiffs, and *Gilman* for the defendants. The facts appear in the opinion of the Court, which was delivered by

Mellen C. J. This is an action of *assumpsit*, and the declaration states that the note was signed by the defendants and *Allen Gilman*, jointly and severally; and that a judgment had been recovered on the note against *Gilman* in a several action against him. The defendants have moved in arrest of judgment on account of the joinder of them in the present suit. When three persons by bond, covenant or note jointly and severally contract, the creditor may treat the contract as joint or several at his election; and may join all in the same action or sue each one severally; but he cannot, except in one case, sue two of the three, because that is treating the contract neither as joint or several. But if one of the three be dead, and that fact be averred in the declaration, the surviving two may be joined. In the present case *Gilman* is living. The plaintiffs contend that as judgment had been recovered against him, such judgment entitled them to join the other two in the same manner as though he was dead. This is not so. When they sued *Gilman* alone, they elected to consider the promise or contract as several; and having obtained judgment they are bound by such election. In case of death, the act of God has deprived the party of the power of joining all the contractors; but he may still consider the contract as joint, and sue the surviving two. The plaintiffs have disabled themselves from maintaining this action by their former one. 1 *Saund.*

291, e.  The objection is good in arrest of judgment, where the fact relied on by defendants appears on the record, as in the present case.

Judgment arrested.

See *Harwood & al. v. Roberts*, 5 *Greenl.* 441.